In the Matter of MORRIS WINTER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 15, 1976

*John G. Bonomi* of counsel *(Irving Gertel* with him on the brief), for petitioner.

*Andrew M. Lawler, Jr.,* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in the Second Judicial Department June 26, 1940. On January 3, 1973, in the United States District Court for the Southern District of New York, he pleaded guilty to an information charging him with unlawfully, willfully and knowingly combining and conspiring with others to violate certain sections of

title 15 of the United States Code in the offer and sale of securities in order to defraud the public. The specific act was that he knowingly and willfully gave his check in the amount of $60,000 to his client, one Michael Hellerman, in order that Hellerman would be in a position to continue with the public offering of stock in a company known as "At Your Service Leasing Corporation" despite the fact that the offering had not yet been completed within the time prescribed in the filing with the Securities and Exchange Commission.

Initially, on February 14, 1973, a sentence of six months' imprisonment was imposed together with a $10,000 fine. On October 2, 1973, the original judgment was amended to vacate the imposition of the six-month term of imprisonment. The fine has been paid by respondent. It appears that respondent was previously possessed of a good record, although petitioner asserts that respondent was admonished on April 7, 1969, which assertion is disputed by respondent who contends that he did not realize and was not aware of the fact that the letter which he received from petitioner constituted an admonition. It also appears that respondent has co-operated with the Federal authorities.

The crime for which respondent stands convicted involves conspiracy to commit a fraud and such acts have been considered to be evidence of professional misconduct involving moral turpitude. In determining the measure of discipline we take into account the respondent's previous good record and some of the problems with which he is faced as well as the state of his health.

The report of the Referee is confirmed and the respondent suspended for a period of one year.

STEVENS, P. J., KUPFERMAN, MURPHY, LUPIANO and CAPOZ-ZOLI, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of one year, effective February 16, 1976.